## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RONNOCO COFFEE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-1401 RLW |
| ) | |
| CHARLES PEOPLES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Charles Peoples' "Motion to Set Aside Default Judgment Verdict" (ECF No. 20) filed pursuant to Rule 60(a) or, alternatively, Rule 60(b)(1), Fed. R. Civ. P. Plaintiff did not respond to the Motion to Set Aside Default and the time to do so has passed. For the following reasons, this Motion will be construed as a motion to set aside the Clerk's Entry of Default pursuant to Rule 55(c), Fed. R. Civ. P., and granted. Also pending is Defendant's Motion for Leave to File Out of Time (ECF No. 25), accompanied by Defendant's proposed Answer. Plaintiff opposes the Motion for Leave and it is fully briefed. The Motion for Leave will be granted.

**Background**

This diversity action was filed on September 29, 2020, by Plaintiff Ronnoco Coffee LLC, d/b/a Ronnoco Beverage Solutions, against its former employee Charles Peoples. The Court issued an Order Concerning Jurisdiction (ECF No. 8) on October 2, 2020, that required Plaintiff to amend its complaint to allege facts establishing the citizenship of the parties to this action and that the amount in controversy exceeds $75,000. Plaintiff filed its First Amended Verified Complaint on October 6, 2020 (ECF No. 11) asserting state law claims for breach of contract, breach of the duty of loyalty, violation of the Missouri Uniform Trade Secrets Act, and injunctive relief. Plaintiff filed a

Motion for Temporary Restraining Order and Preliminary Injunction on October 7, 2020 (ECF No. 13) ("TRO Motion").

Counsel entered an appearance for Defendant on October 2, 2020 (ECF No. 9) and filed an opposition to the TRO Motion on October 21, 2020 (ECF No. 15). Defendant did not file his responsive pleading to the Amended Complaint within the time allowed by Rule 12, Fed. R. Civ. P. Plaintiff filed a Motion for Entry of Clerk's Default (ECF No. 17) pursuant to Rule 55(a), Fed. R. Civ. P. on October 29, 2020, and the Clerk of the Court entered a Clerk's Entry of Default as to Defendant's default the next day (ECF No. 18). Defendant filed his Motion to Set Aside Default and Motion for Extension of Time to file Answer (ECF No. 19) on November 2, 2020. The Court struck the latter Motion from the record for filing error (see DTO ECF No. 23), and Defendant refiled the Motion for Extension of Time to File Answer on November 9, 2020.

**Discussion**

As a threshold matter, Defendant mistakes the nature of the Clerk's Entry of Default entered pursuant to Rule 55(a). It is not a default judgment. An entry of default from the Clerk pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to and must precede the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781,783 (8th Cir. 1998)). Where the Clerk has entered default against a party, it has "no further standing to contest the factual allegations of plaintiff's claim for relief." Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (internal citation omitted).

An entry of default under Rule 55(a) will not automatically be set aside. Rule 55(c), Fed. R. Civ. P., provides that a court may set aside an entry of default "for good cause." The Eighth Circuit Court of Appeals has explained that when "examining whether good cause exists, a district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the

default were excused.'" Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008) (quoting Johnson, 140 F.3d at 784). In applying this analysis, the Eighth Circuit "focus[es] heavily on the blameworthiness of the defaulting party." Johnson, 140 F.3d at 784. Eighth Circuit "cases have consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines. [It] ha[s] rarely, if ever, excused the former." Id. (citing cases). In contrast, the Eighth Circuit "has often granted Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice." Id. (citing cases).

"Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." Stephenson, 524 F.3d at 914 (internal quotation marks and quoted case omitted). "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." Id. (quoted case omitted). As to the issue of prejudice, "delay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." Id. at 915. "Setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Id. (quoted case omitted).

The Court is also mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. See United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted).

Defendant's Motion to Set Aside Default states that "he did not receive any notice from the Plaintiff" and has "filed his proposed Answer and motion to allow him to file out of time due to

excusable neglect." (ECF No. 20 at 1-2.) As to the alleged lack of notice, Defendant's counsel entered his appearance in this case before Plaintiff filed the Motion for Clerk's Entry of Default. Defendant therefore received notice of the Motion for Clerk's Entry of Default pursuant to the Court's electronic case filing system. Defendant's Motion for Leave to File Out of Time explains that his counsel incorrectly docketed the date for Defendant's Answer and, having filed a memorandum in opposition to Plaintiff's TRO Motion, mistakenly believed Defendant's Answer was not due until after the Court ruled on the TRO Motion. Defendant's counsel also states he lacked the assistance of his law firm's docketing paralegal, who is recovering from an unexpected illness and extensive hospitalization, and asserts he was unaware of his error until the Clerk's Entry of Default was filed. Defendant proffers his Answer but the Motion for Leave does not address the merits of his defense.

Plaintiff opposes the Motion for Leave on the grounds that Defendant's delay in seeking leave to file out of time was excessive after he learned his Answer was due via the Clerk's Entry of Default.

The Court finds that Defendant has made an adequate showing of good cause to set aside the entry of default under Rule 55(c). Counsel's belief that Defendant's Answer was not due until the Court ruled on Plaintiff's TRO Motion finds no support in the Federal Rules, but the Court finds the error constitutes a marginal failure to meet a pleading deadline rather than a contumacious one. This finding is supported by Defendant's timely filing of his opposition to Plaintiff's TRO Motion, which asserts his defenses. The eighteen-day delay involved is relatively minor and is less critical here because of Defendant's TRO opposition, which indicates he intended to defend the action. The opposition also offers some possibility that the outcome after a full trial would be different than the result achieved by default. Finally, there is no prejudice to Plaintiff if the entry of default is set aside

4

and none is asserted.  The fact that Defendant will be permitted to defend on the merits does not establish prejudice to Plaintiff.

Under Eighth Circuit precedent, entries of default and even default judgments have been set aside in the face of more neglectful conduct than exists in this case.  See, e.g., Union Pacific R.R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 783 (8th Cir. 2001) (district court abused its discretion by refusing to grant relief from a default judgment where the defendant neglected to file an answer because of a recording error by its legal department); Feeney v. AT & E, Inc., 472 F.3d 560 (8th Cir. 2006) (district court abused its discretion in refusing to set aside part of a judgment, where the defendant's claimed "excusable neglect" was that he had not checked his mail for two months, and therefore did not respond to plaintiffs' summary judgment motion); Johnson, 140 F.3d at 784-85 (district court abused its discretion in refusing to set aside a default that resulted from "poor communication" between the defendant, its attorney, and its insurer, despite the Eighth Circuit's finding that the defendant and its attorney acted "carelessly" and even exhibited a "cavalier approach" to the filing deadline).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Peoples' Motion to Set Aside Default Judgment Verdict, construed as a Motion to Set Aside Clerk's Entry of Default pursuant to Rule 55(c), Fed. R. Civ. P., is **GRANTED**.  (ECF No. 20)

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default is **VACATED**.  (ECF No. 18)

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Out of Time is **GRANTED**.  (ECF No. 25)

**IT IS FURTHER ORDERED** that the Clerk shall detach and docket Defendant's Answer, which was submitted as an attachment to the Motion for Leave to File Out of Time.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 18th day of November, 2020.