UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONNOCO COFFEE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1401 RLW |
| | ) | |
| CHARLES PEOPLES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Withdraw as Counsel (ECF No. 54) for Defendant Charles Peoples filed by attorney Patricia S. Williams and the law firm Lex Valorem, LLC. In support, the Motion states in pertinent part:

> 2. Lex Valorem has professional considerations for withdrawal under Missouri Rule of Professional Conduct 4.16(b).
>
> 3. Missouri Rule of Professional Conduct 1.6 precludes Lex Valorem from providing further detail concerning the professional considerations that have arisen.

(ECF No. 54 at 1.) The Motion states that Defendant was notified on December 21, 2020, of counsel's need to withdraw and states that while Defendant, as an individual, is not required to be represented by counsel in this matter, "respectfully requests appropriate extensions of the remaining deadlines in the Court's Scheduling Order to minimize any potential prejudice to Defendant." (Id. at 1-2.)

On November 23, 2020, following a hearing held on November 18, 2020, the Court granted Plaintiff Ronnoco Coffee LLC's motion for temporary restraining order and issued a Temporary Restraining Order ("TRO") (ECF No. 39). The TRO orders in pertinent part:

**IT IS FURTHER ORDERED** that Charles Peoples and his agents, and all other persons who are in active concert with him, are temporarily restrained until further Order of this Court from directly or indirectly:

(1) With respect to confidential and proprietary information, including trade secrets, of Ronnoco/Trident, from disclosing, using, or providing any such documents, information, or trade secrets, directly or indirectly, to anyone, except for the return of such documents, information, or trade secrets directly to Ronnoco or its attorneys;

(2) Acting, directly or indirectly (whether as an owner, employee, consultant, independent contractor or any other role) in any capacity with a company that directly competes with Ronnoco/Trident, including but not limited to Smart Beverage, d/b/a Thirsty Coconut; and

(3) Calling upon, soliciting, diverting, attempting to call upon, solicit, or divert (or assist in any of the foregoing), or accept business from/do business with any customer/potential customer of Ronnoco/Trident that was a customer/potential customer during Peoples' employment with Ronnoco/Trident.

(ECF No. 39 at 16.)

Attorney Patricia S. Williams entered her appearance for Defendant in this matter on November 30, 2020 (ECF No. 41), replacing another attorney from the law firm Lex Valorem who was subsequently granted leave to withdraw from Defendant's representation. (ECF No. 43.) On December 2, 2020, the parties filed a Joint Memorandum Requesting Entry of Scheduling Order (ECF No. 44) which submitted a proposed schedule for expedited discovery and a preliminary injunction hearing.

In accordance with the schedule proposed by the parties, the Court on December 3, 2020, set a hearing on Plaintiff's Motion for Preliminary Injunction for January 11, 2021. (ECF No. 45.) Following notice to the parties and written consent by Plaintiff (ECF No. 47), the only party that had made a jury demand, the Court issued an Order consolidating trial on the merits with the hearing on Plaintiff's Motion for Preliminary Injunction pursuant to Rule 65(a)(2), Federal Rules of Civil Procedure. (ECF No. 48.)

On December 23, 2020, Plaintiff filed a Motion for Contempt (ECF No. 52) seeking an order of contempt against Defendant and his new employer, non-party Smart Beverage, Inc., d/b/a Thirsty Coconut ("Thirsty Coconut").  Plaintiff alleges that Defendant and Thirsty Coconut have violated the TRO based on Defendant's production in discovery of emails that show Defendant "has not only continued to actively work for Thirsty Coconut, but was also calling on customers and serving the very customers he and Thirsty Coconut have wrongfully diverted from Ronnoco/Trident."   (ECF No. 52 at 1-2.)

On December 27, 2020, Ms. Williams and the law firm Lex Valorem filed the instant Motion to Withdraw from Defendant's representation.  Counsel's conclusory assertion that withdrawal is required under the Missouri Supreme Court's Rules of Professional Conduct does not establish that good cause exists to terminate the representation.[1]  Even assuming that such good cause exists, Missouri Supreme Court Rule 4.1-16(c) provides:

> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation unless the lawyer has filed a notice of termination of limited appearance.  Except when such notice is filed, a lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation.

Absent a more detailed recitation of compelling circumstances, the Court will not permit the withdrawal of counsel until substitute counsel enters an appearance for Defendant in this matter.  If the Court were to grant the Motion to Withdraw this would imperil the Scheduling Order that was entered with the parties' consent.  The Court is not inclined to delay the merits hearing scheduled for January 11, 2021, and any substitute counsel that might enter an appearance for Defendant would face a very short time period to prepare for the hearing.  Thus, Defendant may suffer prejudice if the Motion to Withdraw is granted, as this would likely leave

him unrepresented in a situation where he may be subject to the Court's contempt powers which could include potential fines levied against him and/or his imprisonment.  See Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504-05 (8th Cir. 2000).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Withdraw as Counsel (ECF No. 54) of attorney Patricia S. Williams and the law firm Lex Valorem, LLC, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's counsel shall promptly provide a copy of this Order to Defendant Charles Peoples.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of December, 2020.

---

[1] This Court has adopted the Rules of Professional Conduct adopted by the Missouri Supreme Court as its Rules of Professional Conduct.  See Local Rule 12.02.