UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONNOCO COFFEE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1401 RLW |
| | ) | |
| CHARLES PEOPLES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Second Motion to Withdraw as Counsel (ECF No. 62) for Defendant Charles Peoples ("Peoples") filed by attorney Patricia S. Williams and the law firm Lex Valorem, LLC. In support, the Motion states in pertinent part:

> 1. Defendant Charles Peoples terminated Counsel, as evidenced in Exhibit 1.
>
> 2. Under the Missouri Rules of Professional Conduct 4-1.16(a)(3), a lawyer must withdraw if the lawyer is discharged.

(ECF No. 62 at 1.) Attached to the Motion as Exhibit 1 is an email from Peoples that confirms he has terminated the services of Ms. Williams and Lev Valorem, LLC, consents to the withdrawal, and consents to the email being provided to the Court. (ECF No. 62-1 at 2.) The Motion will be denied for the following reasons.

**Background**

Plaintiff Ronnoco Coffee, LLC, d/b/a Ronnoco Beverages Solutions ("Plaintiff"), filed this diversity action to enforce a non-competition agreement executed by its former employee, Peoples. Plaintiff's First Amended Verified Complaint (ECF No. 11) asserts claims against Peoples for breach of contract, breach of the duty of loyalty, violation of the Missouri Uniform Trade Secrets Act, and for injunctive relief.

On November 23, 2020, following a hearing held on November 18, 2020, the Court granted Plaintiff's motion for temporary restraining order and issued a Temporary Restraining Order ("TRO") (ECF No. 39). The TRO restrains Peoples, his agents, and all others in active concert with him from engaging in the following specific conduct:

> **IT IS FURTHER ORDERED** that Charles Peoples and his agents, and all other persons who are in active concert with him, are temporarily restrained until further Order of this Court from directly or indirectly:
>
> (1) With respect to confidential and proprietary information, including trade secrets, of Ronnoco/Trident, from disclosing, using, or providing any such documents, information, or trade secrets, directly or indirectly, to anyone, except for the return of such documents, information, or trade secrets directly to Ronnoco or its attorneys;
>
> (2) Acting, directly or indirectly (whether as an owner, employee, consultant, independent contractor or any other role) in any capacity with a company that directly competes with Ronnoco/Trident, including but not limited to Smart Beverage, d/b/a Thirsty Coconut; and
>
> (3) Calling upon, soliciting, diverting, attempting to call upon, solicit, or divert (or assist in any of the foregoing), or accept business from/do business with any customer/potential customer of Ronnoco/Trident that was a customer/potential customer during Peoples' employment with Ronnoco/Trident.

(ECF No. 39 at 16.)

After the TRO was issued, attorney Patricia S. Williams entered her appearance for Peoples on November 30, 2020 (ECF No. 41), replacing another attorney from the law firm Lex Valorem who was subsequently granted leave to withdraw from Peoples' representation. (ECF No. 43.) On December 2, 2020, the parties filed a Joint Memorandum Requesting Entry of Scheduling Order (ECF No. 44), which submitted a proposed schedule for expedited discovery and a preliminary injunction hearing.

On December 3, 2020, in accordance with the schedule proposed by the parties, the Court set a hearing on Plaintiff's Motion for Preliminary Injunction for January 11, 2021 (ECF No. 45),

2

and issued a Scheduling Order (ECF No. 46) with deadlines for discovery, including depositions. Following notice to the parties in the Scheduling Order and written consent by Plaintiff (ECF No. 47), the only party that had made a jury demand, the Court issued an Order consolidating trial on the merits with the hearing on Plaintiff's Motion for Preliminary Injunction pursuant to Rule 65(a)(2), Federal Rules of Civil Procedure. (ECF No. 48.) The Court issued the parties' Stipulated Protective Order on December 17, 2020 (ECF No. 51).

On December 23, 2020, Plaintiff filed a Motion for Contempt (ECF No. 52) seeking an order of contempt against Peoples and his new employer, non-party Smart Beverage, Inc., d/b/a Thirsty Coconut ("Thirsty Coconut"). Plaintiff alleges that Peoples and Thirsty Coconut have violated the TRO based on Peoples' production in discovery of emails that show Peoples "has not only continued to actively work for Thirsty Coconut, but was also calling on customers and serving the very customers he and Thirsty Coconut have wrongfully diverted from Ronnoco/Trident." (ECF No. 52 at 1-2.)

On December 27, 2020, Ms. Williams and the law firm Lex Valorem filed a first Motion to Withdraw from Peoples' representation on the basis that counsel "has professional considerations for withdrawal under Missouri Rule of Professional Conduct 4.16(b)." (ECF No. 54.) The Court denied the Motion because withdrawal would interfere with the agreed-upon Scheduling Order and merits hearing set for January 11, 2021, and was likely to leave Peoples unrepresented and facing substantial potential prejudice:

> Absent a more detailed recitation of compelling circumstances, the Court will not permit the withdrawal of counsel until substitute counsel enters an appearance for Defendant in this matter. If the Court were to grant the Motion to Withdraw this would imperil the Scheduling Order that was entered with the parties' consent. The Court is not inclined to delay the merits hearing scheduled for January 11, 2021, and any substitute counsel that might enter an appearance for Defendant would face a very short time period to prepare for the hearing. Thus, Defendant may suffer prejudice if the Motion to Withdraw is granted, as

3

> this would likely leave him unrepresented in a situation where he may be subject to the Court's contempt powers which could include potential fines levied against him and/or his imprisonment. See Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504-05 (8th Cir. 2000).

Mem. and Order of Dec. 28, 2020 (ECF No. 55 at 3-4.)

On the same day, the Court ordered the parties to meet and confer as to whether a hearing on Plaintiff's Motion for Contempt should be combined with the consolidated Preliminary Injunction hearing/trial on the merits scheduled for January 11, 2021, or if not, when such a hearing should be set, and to file a joint response to the Court stating their respective positions as to the timing of the hearings by January 4, 2021. Order of Dec. 28, 2020 (ECF No. 56.)

Plaintiff filed a Motion to Compel Discovery on December 30, 2020 (ECF No. 58), which states in pertinent part that Peoples is "refusing to make himself available for a deposition in this case" and, though Plaintiff has requested that Peoples produce responsive documents from his personal Gmail email account, "Peoples refuses to grant [his counsel] access to his personal email account." (Id. at 2.). The Court ordered Peoples to file any Response to the Motion to Compel Discovery the same day, based on the immediately upcoming deadlines. The Order noted that the Scheduling Order set December 17, 2020, as the deadline to complete production of documents, and December 31, 2020, as the deadline to complete all depositions, and the case is set for a consolidated preliminary injunction hearing and trial on the merits pursuant to Rule 65(a)(2), Fed. R. Civ. P., on January 11, 2021. Order of Dec. 30, 2020 (ECF No. 60).

Ms. Williams and Lex Valorem, LLC filed a Response to Court which states, "Counsel for Defendant is unable to provide a response as ordered by the Court, as Defendant has not provided information on which a response could be formulated consistent with counsel's obligations under Missouri Rule of Professional Conduct 4.3.3." (ECF No. 63 at 1.) Counsel

subsequently filed the instant Second Motion to Withdraw. Peoples has not filed any response to Plaintiff's Motion for Contempt or Motion to Compel Discovery.

**Discussion**

The Missouri Rules of Professional Conduct, consisting of Missouri Supreme Court Rules 4-1.01 to 4-9.1, were adopted by this Court as the rules governing attorneys in proceedings in the U.S. District Court for the Eastern District of Missouri. See E.D. Mo. Local Rule 12.02. These Rules delineate attorneys' responsibilities to their clients and the courts. Under the Rules, an attorney "must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation" but a "lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation." Rule 4-1.16(c), Mo. Sup. Ct. R. Denial of counsel's motion to withdraw is reviewed for abuse of discretion. Sanford v. Maid-Rite Corp., 816 F.3d 546, 549 (8th Cir. 2016) (per curiam) (citing Allen v. United States, 590 F.3d 541, 544 (8th Cir. 2009)).

The Second Motion to Withdraw states that counsel must withdraw under Missouri Rule of Professional Conduct 4-1.16(a)(3), as Peoples has terminated the representation. Thus, counsel has met her obligation to notify the client and shows good cause for withdrawal. Where an attorney meets notification requirements and shows good cause, a general presumption in favor of withdrawal arises. Sanford, 816 F.3d at 550 (in context of client's failure to pay counsel). The presumption "should be disregarded, however, if it would severely prejudice the client or third parties." Id. Further, "Even the 'must' withdraw requirements of the Rules of Professional Conduct are subject to exceptions, . . . including when the client fires the attorney." See Melody Nashan, Staff Counsel for Office of Chief Disciplinary Counsel, "Withdrawing from Representation," 76 J. Mo. Bar. 168, 169 (Issue 4 July/Aug. 2020) (citing Legal Ethics Counsel's

Informal Advisory Opinion 200080043). "A judge may . . . deny a motion to withdraw after discharge if the judge suspects the client is trying to delay or otherwise manipulate the proceedings." Id. "If the court denies the attorney's motion to withdraw, the attorney must continue to represent the client." Id.

Here, the Court finds that allowing counsel to withdraw from Defendant Peoples' representation would prejudice Plaintiff and interfere with the Court's ability to control the case and enforce its orders. The Court issued a TRO against Peoples and has pending before it Plaintiff's motion to hold Peoples in contempt of court for allegedly violating the TRO's terms by continuing to actively work for Plaintiff's competitor Thirsty Coconut, and calling on customers and serving the customers he and Thirsty Coconut are alleged to have wrongfully diverted from Plaintiff. The Court issued a Scheduling Order with consent of the parties and set a consolidated preliminary injunction hearing and trial on the merits under Rule 65(a)(2), Fed. R. Civ. P., on January 11, 2021, with discovery ending today. Plaintiff's Motion to Compel Discovery alleges that Peoples has refused to produce requested emails and to appear for deposition, and Peoples' counsel states she is "unable to provide a response as ordered by the Court, as Defendant has not provided information on which a response could be formulated consistent with counsel's obligations under Missouri Rule of Professional Conduct 4.3.3." (ECF No. 63 at 1.)

Stated bluntly, Defendant Peoples appears to be refusing to cooperate with his counsel and the discovery requirements of the Court's Scheduling Order, as well as allegedly violating the TRO. There is no indication Peoples plans to hire new counsel, as no statement to that effect has been made and no entry of appearance filed on his behalf. If the Court were to grant counsel leave to withdraw from Peoples' representation, it would undoubtedly delay resolution

of this case, potentially prejudicing Plaintiff by impairing its ability to obtain judicial enforcement of the parties' non-competition agreement and increasing its damages from allegedly unfair competition arising from Peoples' claimed breach of the agreement. It would also interfere with the Court's ability to enforce the Scheduling Order, which set this case for final resolution on January 11, 2021, control its docket, and enforce its orders including the TRO. The Court's ability to communicate with and obtain cooperation from Peoples will undoubtedly suffer if he becomes self-represented, and this difficulty is increased by the fact that Peoples lives in Texas. Moreover, based on the record before the Court as set forth above, there is reason to believe Peoples is attempting to delay or manipulate the proceedings and avoid the effects of the Court's orders.

Finally, Peoples himself is likely to suffer severe prejudice if counsel is permitted to withdraw, as stated in the Court's Order denying counsel's first motion to withdraw. The Court is not inclined to delay the merits hearing scheduled for January 11, 2021, and any substitute counsel that might enter an appearance for Peoples would face a very short time period to prepare for the hearing. This would likely leave Peoples unrepresented in a situation where he may be subject to the Court's contempt powers which could include potential fines levied against him and/or his imprisonment, and to a potential judgment against him.

Accordingly,

**IT IS HEREBY ORDERED** that the Second Motion to Withdraw as Counsel (ECF No. 62) of attorney Patricia S. Williams and the law firm Lex Valorem, LLC, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's counsel shall promptly provide a copy of this Order to Defendant Charles Peoples.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of December, 2020.