UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNOCO COFFEE LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-1401 RLW |
| CHARLES PEOPLES, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case is set for trial on February 8, 2021. Before the Court are Defendant Charles Peoples' "Motion for Substitution of Counsel and Third Request for Leave to Counsel" [sic] (ECF No. 102) filed by attorney Patricia S. Williams and the law firm Lex Valorem, LLC, and Defendant Peoples' Motion for Continuance (ECF No. 105) filed by attorney Mark D. Molner, who entered his appearance for Peoples on February 4, 2021. Plaintiff Ronnoco Coffee LLC ("Ronnoco" or "Plaintiff") opposes the motions (ECF No. 107). The motions will be denied for the following reasons.

**Background**

Plaintiff Ronnoco filed this diversity action to enforce a non-competition agreement executed by its former employee, Peoples. Plaintiff's First Amended Verified Complaint (ECF No. 11) asserts claims against Peoples for breach of contract, breach of the duty of loyalty, violation of the Missouri Uniform Trade Secrets Act, and for injunctive relief.

On November 23, 2020, following a hearing, the Court granted Plaintiff's motion for temporary restraining order and issued a Temporary Restraining Order ("TRO") (ECF No. 39) that restrains Peoples, his agents, and all others in active concert with him from engaging in the following specific conduct:

**IT IS FURTHER ORDERED** that Charles Peoples and his agents, and all other persons who are in active concert with him, are temporarily restrained until further Order of this Court from directly or indirectly:

(1) With respect to confidential and proprietary information, including trade secrets, of Ronnoco/Trident, from disclosing, using, or providing any such documents, information, or trade secrets, directly or indirectly, to anyone, except for the return of such documents, information, or trade secrets directly to Ronnoco or its attorneys;

(2) Acting, directly or indirectly (whether as an owner, employee, consultant, independent contractor or any other role) in any capacity with a company that directly competes with Ronnoco/Trident, including but not limited to Smart Beverage, d/b/a Thirsty Coconut; and

(3) Calling upon, soliciting, diverting, attempting to call upon, solicit, or divert (or assist in any of the foregoing), or accept business from/do business with any customer/potential customer of Ronnoco/Trident that was a customer/potential customer during Peoples' employment with Ronnoco/Trident.

(ECF No. 39 at 16.)

After the TRO was issued, attorney Patricia S. Williams entered her appearance for Peoples (ECF No. 41), replacing another attorney from the same firm who was granted leave to withdraw. On December 2, 2020, the parties filed a Joint Memorandum Requesting Entry of Scheduling Order (ECF No. 44), which submitted a proposed schedule for expedited discovery and a preliminary injunction hearing.

On December 3, 2020, in accordance with the parties' proposed schedule, the Court set a hearing on Plaintiff's Motion for Preliminary Injunction for January 11, 2021 by Pre-Hearing Order (ECF No. 45), and issued a Scheduling Order (ECF No. 46) with deadlines for discovery, including depositions. Following notice to the parties and written consent by Plaintiff (ECF No. 47), the Court consolidated trial on the merits with the hearing on Plaintiff's Motion for Preliminary Injunction pursuant to Rule 65(a)(2), Federal Rules of Civil Procedure. See Order of Dec. 15, 2020 (ECF No. 48.) The Court issued the parties' Stipulated Protective Order on December 17, 2020 (ECF No. 51).

On December 23, 2020, Plaintiff filed a Motion for Contempt (ECF No. 52) against Peoples and his new employer, non-party Smart Beverage, Inc., d/b/a Thirsty Coconut ("Thirsty Coconut"). On December 27, 2020, Ms. Williams and her law firm filed a Motion to Withdraw from Peoples' representation on the basis that counsel "has professional considerations for withdrawal under Missouri Rule of Professional Conduct 4.16(b)."  (ECF No. 54.)  The Court denied the Motion because withdrawal would interfere with the agreed-upon Scheduling Order and merits hearing set for January 11, 2021, and was likely to leave Peoples unrepresented and facing substantial potential prejudice.  See Mem. and Order of Dec. 28, 2020 (ECF No. 55 at 3-4).

On December 30, 2020, Ms. Williams filed a Second Motion to Withdraw (ECF No. 62) under Missouri Rule of Professional Conduct 4-1.16(a)(3), on the basis that Peoples had terminated the representation.  Although Ms. Williams showed good cause for withdrawal, the Court denied the motion, finding that to allow withdrawal would prejudice Plaintiff, interfere with the Court's ability to control its docket and enforce its orders, there was reason to believe Peoples was attempting to delay or manipulate the proceedings and avoid the effects of the Court's orders, and under the circumstances Peoples was likely to suffer severe prejudice if counsel were permitted to withdraw.  See Mem. and Order of Dec. 31, 2020 (ECF No. 65).

An evidentiary hearing on Plaintiff's Motion for Contempt was held on January 11, 2021, and attorney Mark D. Molner entered his appearance for non-party Thirsty Coconut prior to the hearing.  The Court issued Findings of Fact, Conclusions of Law, and an Order of Contempt on January 25, 2021, finding both Peoples and Thirsty Coconut in civil contempt of the Court's TRO (ECF No. 97).

The Court issued a Final Pretrial Order on February 1, 2021 (ECF No. 98).  On February 4, 2021, at approximately 10:00 a.m., Ms. Williams filed the instant third motion to withdraw as counsel for Defendant Peoples.  A few minutes later, Mr. Molner entered his appearance for

3

Defendant Peoples.  At 4:20 p.m. the same day, Mr. Molner filed the motion to continue the February 8, 2021 trial.

**Discussion**

    A.  <u>Motion to Withdraw</u>

Ms. Williams' third motion to withdraw states that Peoples is not currently confronted with a motion for sanctions; attorney Molner was simultaneously entering his appearance for Peoples; Peoples has been unable to meet his financial obligations to Ms. Williams and her firm and does not anticipate being able to do so in the future, which presents an unreasonable financial burden; and Peoples consents to withdrawal.  The motion does not state that Peoples has discharged Ms. Williams, and although it indicates coordination or at minimum communication with new counsel Mr. Molner, it does not disclose that the latter would file a motion to continue the trial.

The Missouri Rules of Professional Conduct, consisting of Missouri Supreme Court Rules 4-1.01 to 4-9.1, were adopted by this Court as the rules governing attorneys in proceedings in the U.S. District Court for the Eastern District of Missouri.  <u>See</u> E.D. Mo. Local Rule 12.02.  These Rules delineate attorneys' responsibilities to their clients and the courts.  Under the Rules, an attorney "must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation" but a "lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation."  Rule 4-1.16(c), Mo. Sup. Ct. R.  Denial of counsel's motion to withdraw is reviewed for abuse of discretion.  <u>Sanford v. Maid-Rite Corp.</u>, 816 F.3d 546, 549 (8th Cir. 2016) (per curiam) (citing <u>Allen v. United States</u>, 590 F.3d 541, 544 (8th Cir. 2009)).

The Court in the exercise of its discretion will deny Ms. Williams' motion to withdraw. The trial of this matter is in three days and the Court will not grant a continuance for the reasons discussed *infra*.  If the Court were to grant Ms. Williams' motion to withdraw, that could result

in severe prejudice to Defendant Peoples by leaving him with unprepared counsel at trial, as new counsel entered his appearance only one day ago.   Nor will the Court grant the motion to withdraw and as a result potentially be forced to alter its docket and modify its scheduling orders in this case, because Peoples has elected to obtain new counsel.   The timing of the motion to withdraw, new counsel's entry of appearance, and the motion to continue also cause the Court to question whether Peoples is attempting to delay or manipulate the proceedings.

    B.   Motion to Continue

Defendant Peoples through his new attorney Mr. Molner seeks a continuance of the February 8, 2021 trial setting on the following grounds:  (1) new evidence was discovered on February 4, 2021, that "bears directly on core issues in this matter" and has not yet been provided to Plaintiff's counsel or listed in pretrial compliance that was due February 3, 2021; (2) on February 4, 2021, Peoples' counsel Ms. Williams sought leave to withdraw and Mr. Molner entered as his counsel; (3) on January 19, 2021, Plaintiff filed a separate action in this Court against two other former employees for alleged violations of the same non-competition agreement as a result of their work for non-party Thirsty Coconut; Mr. Molner represents those individuals and following a TRO hearing a brief is due in the case on February 10, 2021; (4) continuance of the trial will not prejudice Plaintiff because a TRO and contempt sanctions of conditional daily fines for noncompliance are in place; and (5) a continuance would serve the interest of judicial efficiency as Peoples and the defendants in the related case "may seek to consolidate the three separate actions."[1]

---

[1] E.D. Mo. Local Rule 4.03 states that a party desiring the consolidation of related cases shall file a motion in the case bearing the lowest cause number, the judge presiding in the lowest-numbered case shall rule on the motion, and following consolidation all documents shall be filed in the lowest-numbered case, unless otherwise ordered.   Consequently, any motion to consolidate the cases would be filed in this case.

Peoples' first argument is that his new counsel has just "received information requested through the FOIA process from the Harris County Department of Education, which bears directly on core issues in this matter; including an acknowledgement by Patrick Walker that the Trident information used in its bidding process was not confidential[.]"  (ECF No. 105.)   This argument fails to justify a continuance.  First, Peoples does not submit the information with his motion or explain why the information weighs in favor of a continuance, and discovery in the case is closed.  Peoples may question Ronnoco's witnesses about the information at trial, but the Court will not permit it to be introduced into evidence as it was not timely disclosed in discovery.  Second, as Ronnoco states in its opposition, Peoples previously submitted a document to the Court with a similar "waiver of confidentiality" argument based on a contract provision, and this may be the same or similar information.  Also, Peoples made a similar argument at the outset of this case, that pricing information in bids to Texas public school systems is public information, to which Ronnoco responded with the Declaration of John Walker attesting to the fact that pricing in bids is not public until after the bid was decided by the customer.

Peoples also claims he has recently acquired "information relating to Trident's relationship with Plaintiff Ronnoco."  Again, Peoples does not submit the information with his motion or explain why it weighs in favor of a continuance, and it was not produced in discovery.  As with the other information, Peoples can ask questions of Ronnoco's witnesses about this subject matter at trial but will not be allowed to introduce it into evidence.[2]

Peoples' second argument is that his attorney Ms. Williams has filed a third motion to withdraw and he has new counsel.  The Court has considered and denied the motion to withdraw.  Peoples' voluntary decision to obtain new counsel mere days before trial does not justify a

---

[2] Ronnoco's statement that "the Court already explored the relationship between Ronnoco and Trident in detail," referencing the Order of Contempt, places too much weight on an interlocutory order.

6

continuance and, as stated above, may reflect an attempt to delay or manipulate the proceedings and postpone a final decision by the Court.

Peoples' third argument is that trial should be continued because of the separate case filed last month against other Ronnoco employees who signed the same non-competition agreement and chose to go to work for Thirsty Coconut.  Discovery has concluded in this case in accordance with the expedited schedule agreed to by the parties and pretrial filings are complete; the trial setting is three days from now and the case has already been continued once before.  The Court does not see how judicial efficiency can be served by indefinitely prolonging this case as opposed to resolving it promptly.  Peoples' statement as to potential consolidation with the other case is merely speculative and the cases' different stages of preparation and factual differences make consolidation unlikely.  Given the testimony in this case that Peoples was Thirsty Coconut's only employee or contractor in Texas, the conduct of other former Ronnoco employees in other geographic areas seems of questionable relevance to the issues here.

Finally, while Peoples asserts that Ronnoco will suffer no prejudice through a continuance, Ronnoco disputes this.  Ronnoco asserts that a continuance will necessarily drive up its legal fees, and states that while the non-competition agreement at issue calls for Peoples to pay its legal fees if Ronnoco prevails in an enforcement action, Peoples' attorney stated he "has expressed an inability to pay [her] for the additional services required to conclude this matter[.]"  (ECF No. 102 at 2.)  Ronnoco argues this indicates Peoples' willingness to pay its legal fees in this matter should he lose is likewise called into question, so the better and more efficient course would be to resolve this case as scheduled on Monday, February 8, 2021.

The Court finds that Peoples has not established good reason why the trial of this matter should be continued.  The Court has a strong interest in managing its docket and enforcing its scheduling orders that would be harmed by a continuance of this case.  Finally, the Court finds

7

that Plaintiff Ronnoco would be prejudiced if a continuance were granted for the reasons it states. The motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the "Motion for Substitution of Counsel and Third Request for Leave to Counsel" [sic] (ECF No. 102) filed by attorney Patricia S. Williams and the law firm Lex Valorem, LLC is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Peoples' Motion for Continuance (ECF No. 105) is **DENIED**.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of February, 2021.