UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNOCO COFFEE LLC, <br> d/b/a Ronnoco Beverage Solutions, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES PEOPLES, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 4:20-CV-1401 RLW <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This closed civil case is before the Court on Defendant Charles Peoples' Motion for Attorney's Fees (ECF No. 151). Plaintiff Ronnoco Coffee LLC ("Ronnoco") filed a Response in Opposition to the motion (ECF No. 153) and Defendant filed a Reply in support (ECF No. 154). For the following reasons, Defendant's Motion for Attorney's Fees and his request for costs contained therein are denied.

**I. Background**

This was an action by Ronnoco for alleged breach of a non-competition and non-disclosure agreement between it and its former employee, Defendant Peoples, titled the Fair Competition Agreement ("FCA" or "Agreement"). Ronnoco's Amended Complaint asserted claims for breach of contract, breach of the duty of loyalty, violation of the Missouri Uniform Trade Secrets Act, and injunctive relief. The Court issued a Temporary Restraining Order ("TRO") in Ronnoco's favor and subsequently an Order of Contempt against Peoples and his new employer for violating the TRO, but after trial on the merits concluded that Ronnoco failed to establish its right to judgment or permanent injunctive relief on any of the claims in its Amended Complaint. See Mem. and Order of Dec. 16, 2021 (ECF No. 149). The Court vacated the TRO and Order of

Contempt previously entered and dismissed this action with prejudice. The Court assessed costs against Ronnoco. See Judgment (ECF No. 150).

## II. Discussion

### A. Defendant's Motion for Attorney's Fees

Following dismissal of this case, Defendant Peoples filed the instant Motion for Attorney's fees. Defendant argues that Section 9(b) of the parties' Agreement is a fee-shifting provision under which the party that prevails in a dispute between them is entitled to recover its attorney's fees. (ECF No. 152 at 4.) Neither Defendant's Motion for Attorney's Fees nor his Memorandum in Support quotes the language of Section 9(b), which provides: "*If I violate any of my obligations under this Agreement, then* (a) the applicable restricted period shall be extended to account for the period during which I was in breach; and (b) *I will pay the Company's reasonable legal fees and costs associated with any enforcement action.*" (ECF No. 11-2 at 4) (emphases added). The Agreement defines the "Company" as Ronnoco Coffee, LLC (ECF No. 11-2 at 1), and the parties to the FCA are Ronnoco and Defendant Peoples.

In a diversity action such as this, state law governs the rules for construing contractual agreements. Orion Fin. Corp. of S. Dak. v. Am. Foods Group, Inc., 281 F.3d 733, 738 (8th Cir. 2002). The FCA provides that it is governed by Missouri law (ECF No. 11-2 at 4, ¶ 11), and the parties agreed that Missouri law governed this action. In determining the scope of Missouri law, this Court is bound by the decisions of the Supreme Court of Missouri. Taylor v. St. Louis Cnty. Bd. of Election Comm'rs, 625 F.3d 1025, 1027 (8th Cir. 2010). Decisions from the Missouri Court of Appeals are also relevant and "must be followed when they are the best evidence of Missouri law." Id. at 1028, n.2 (quoting Bockelman v. MCI Worldcom, Inc., 403 F.3d 528, 531 (8th Cir. 2005)).

2

"In considering a request for attorney's fees, Missouri has adopted the American Rule; that is, absent statutory authorization or contractual agreement, with few exceptions, each litigant must bear his own attorney's fee." Trustees of Clayton Terr. Subdiv. v. 6 Clayton Terr., LLC, 585 S.W.3d 269, 285 (Mo. 2019) (en banc) (quoted case omitted). An exception to the American Rule is that "a trial court may award attorney's fees to a prevailing party if a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision." First State Bank of St. Charles v. Frankel, 86 S.W.3d 161, 175-76 (Mo. Ct. App. 2002).

In Missouri, the interpretation of a contract is a question of law. Leggett v. Mo. State Life Ins., 342 S.W.2d 833, 850 (Mo. 1960) (en banc). The "cardinal principle for contract interpretation is to ascertain the intention of the parties and to give effect to that intent." Butler v. Mitchell-Hugeback, Inc., 895 S.W.2d 15, 21 (Mo. 1995) (en banc) (citing Royal Banks of Mo. v. Fridkin, 819 S.W.2d 359, 362 (Mo. 1991) (en banc)). It is presumed that the natural and ordinary meaning of the language used expresses the intent of parties to a contract. J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club, 491 S.W.2d 261, 264 (Mo. 1973) (en banc). Accordingly, "In interpreting a contract, [courts] must use the plain, ordinary, and usual meaning of the contract's words and consider the whole document." Butler, 895 S.W.2d at 21 (citing Royal Banks, 819 S.W.2d at 362); DocMagic, Inc. v. Mortgage P'Ship of Am., L.L.C., 729 F.3d 808, 812 (8th Cir. 2013) ("Under Missouri law we must enforce a contract as written and according to the plain meaning of the words in the contract when the contract is clear and unambiguous.").

Here, the plain, ordinary, and usual meaning of the attorney's fee language in the parties' Agreement imposes an obligation on Defendant Peoples, if he violates any of his obligations under the FCA, to pay Ronnoco its reasonable attorney's fees and costs associated with any enforcement action. Defendant Peoples' assertion that this provision entitles him to attorney's fees because he

3

ultimately prevailed in the enforcement action Ronnoco brought against him for breach of the FCA finds no support in the Agreement's language. As such, the motion fails.

Nor is Peoples' assertion supported by the cases cited in his memorandum in support. The parties' Agreement does not have a "prevailing party" provision, under which the party that prevails in litigation in connection with a dispute between the parties is entitled to fees from the losing party. See, e.g., Ruzicka v. Hart Printing Co., 21 S.W.3d 67, 73 (Mo. Ct. App. 2000).[1] Instead, the FCA provides that Peoples will pay Ronnoco its attorney's fees in the event he violated any of his obligations under the FCA and Ronnoco brings an action to enforce the FCA. The FCA's language does not create a reciprocal obligation for Ronnoco to pay Peoples his attorney's fees under any circumstances.

Recognizing the lack of textual support in the parties' Agreement for his motion for attorney's fees, Peoples asserts in his Reply memorandum that a "unilateral fee-shifting" provision such as the FCA's attorney's fee provision is "unsupported" in Missouri law and violates public policy. (ECF No. 154 at 3-4.) Peoples concedes that he is "unable to locate any decision binding on this Court or in Missouri which discusses unilateral fee shifting." (Id. at 5.) In other words, Defendant Peoples admits that he knowingly makes an unsupported argument.

Peoples also cites the following principle from Missouri cases: "Where a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision, **it is error to fail to make such an award to the successful party**." (ECF No. 152 at

---

[1]The contractual attorney's fee provision at issue in the Ruzicka case stated:

In the event any action, suit or proceeding is brought by the COMPANY or the EMPLOYEE against the other for enforcement, performance or construction of this Agreement, the prevailing Party shall be reimbursed by the other Party all costs and expenses incurred by the prevailing Party in such action, suit or proceeding, including attorneys' and accountants' fees and expenses.

Ruzicka v. Hart Printing Co., 21 S.W.3d 67, 73 (Mo. Ct. App. 2000).

4

2) (emphasis added in Peoples' brief) (quoting Luck "E" Strike Corp. v. First State Bank of Purdy, 75 S.W.3d 828, 835 (Mo. Ct. App. 2002)); and, "If a contract provides for the payment of attorney's fees in the enforcement of a contract provision, the trial court *must award them to the prevailing party*." (ECF No. 154 at 2) (emphases added in Peoples' brief) (quoting White v. Marshall, 83 S.W.3d 57, 63 (Mo. Ct. App. 2002)).

Peoples argues, based on the quoted statements, that Missouri law requires the "successful party" to receive an attorney's fee award if a contract between the litigating parties contains an attorney's fee provision. As a result, Peoples contends, the Court must interpret Section 9(b) of the parties' FCA as a bilateral fee-shifting provision that entitles him to attorney's fees from Ronnoco because he prevailed in this case.

This argument is perilously close to being frivolous. Defendant accurately quotes the cited cases, but the emphasis he places on the quoted language is unwarranted and applies it out of context. In none of Defendant's cited cases did a court award contractual attorney's fees to a party who was not entitled to those fees under the specific language of the applicable contract. Nor is there anything in the cited cases to support the idea that such a result would ever be appropriate. Peoples fails to cite any Missouri precedent where a court awarded contractual attorney's fees to a successful party contrary to the contract's express language, and the Court doubts such a case exists. The language Defendant relies upon is properly understood to mean that a court may not decline to award attorney's fees to a prevailing party where the relevant contract provides for a fee award *to that party*, or to the prevailing party where the contract provides that "the prevailing party" is entitled to fees, as in the Ruzicka case.

Peoples' assertion that the FCA's attorney fee provision is unsupported by Missouri law or is contrary to Missouri public policy is entirely meritless. Numerous cases under Missouri law have awarded contractual attorney's fees to a prevailing party where the contract at issue provided

5

that only one party would be entitled to fees if it prevailed in litigation between the parties in enforcing the contract. A recent Eighth Circuit decision, Crutcher v. Multi-Plan, Inc., 22 F.4th 756, 764 (8th Cir. 2022), mentions two such cases: Lee v. Investors Title Co., 241 S.W.3d 366, 368 (Mo. Ct. App. 2007) (awarding attorney's fees where the contract at issue expressly provided that the buyers and builder agreed to indemnify the Title Company for "any and all loss, cost, damage and expense of every kind including attorneys' fees" which were incurred "in connection with its enforcement of [Title Company's] rights under this Agreement"; and RJF International Corp. v. B.F. Goodrich Co., 880 S.W.2d 366, 369 (Mo. Ct. App. 1994) (awarding attorneys' fees to seller under an agreement that provided the buyer would indemnify seller for any claims, including attorney's fees, "resulting from . . . any breach or default in the performance or observance by Buyer . . . of any of the covenants or other obligations which Buyer . . . is to perform or observe under this Agreement[.]").

The cases Defendant Peoples cites not only do not support his position, but demonstrate its invalidity. The Luck "E" Strike case was a declaratory judgment action brought by debtor Luck "E" Strike to prevent the assessment and collection of late fees on loan payments. 75 S.W.3d at 830. The Missouri Court of Appeals affirmed the trial court's award of attorney's fees to the creditor under a contractual provision in loan agreements Luck "E" Strike signed that provided for the payment of "reasonable attorney's fees and costs, which Holder may deem necessary or proper in connection with the satisfaction of the indebtedness." Id. at 835. Thus, the court enforced an attorney's fee provision that entitled only one party, the loan creditor, to its attorney's fees expended in obtaining payment on the loan agreements. The court's statement, "Where a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision, it is error to fail to make such an award to the successful party," is merely a general

6

proposition of Missouri law and offers no support for Defendant People's argument that he is entitled to attorney's fees under the FCA's language.

Similarly, White v. Marshall does not support Defendant Peoples' proposition. In White, a lease agreement included a "provision that allowed the recovery of attorney's fees by the [landlords] in the event that they were forced to take legal action to enforce the terms of the lease." 83 S.W.3d at 63. The Missouri Court of Appeals held the trial court erred in awarding attorney's fees to the landlords under the lease *where the defendant had not signed the lease and was not bound by its provisions*. Id. There is no indication the court would not have enforced the attorney's fee provision that entitled only the landlord to attorney's fees, if the defendant had been bound by the lease. The court's statement that "[i]f a contract provides for the payment of attorney's fees in the enforcement of a contract provision, the trial court must award them to the prevailing party," id., was made in the context of articulating the general principle that Missouri courts adhere to the American Rule, but noting an exception for contractual agreements.

In another case cited by Defendant, Dalton Petroleum, Inc. v. Devlin Energy Group, L.L.C., No. 1:03-CV-35 ERW, 2005 WL 1518391 (E.D. Mo. June 27, 2005), this Court applied Missouri law, enforced a contractual attorney's fee provision, and awarded attorney's fees to the plaintiff creditor under a promissory note that included a provision stating: "Costs and Fees. If this Note is ever placed for collection or if suit is initiated to enforce payment, the Debtor shall also pay, in addition to all unpaid principal and interest, all Dalton's costs of collection, including attorneys' fees incurred by Dalton, but only if and to the extent permitted by law." Id. at *1-2. Nothing in Dalton Petroleum supports the notion that if the debtor had prevailed, it would have been entitled to attorney's fees under the promissory note's attorney fee provision. Finally, Defendant cites Howe v. ALD Services, Inc., 941 S.W.3d 645 (Mo. Ct. App. 1997), but the case

7

involved a contract with a "prevailing party" attorney's fee provision, as distinguished above, and as such is inapplicable here.[2]

Defendant Peoples' Motion for Attorney's Fees is denied.

B.  Defendant's Request for Costs

Defendant Peoples' Motion for Attorney's Fees also includes a request for $3,225.91 in costs.  As previously stated, the Court's Judgment assessed costs against Ronnoco.  The Court's Local Rules require that "a party seeking an award of costs must file a verified bill of costs, in the form prescribed by the Clerk, no later than twenty-one (21) days after entry of final judgment by the District Court pursuant to Fed. R. Civ. P. 58." E.D. Mo. L.R. 8.03(A)(1).  The Local Rule also states, "Failure to file a bill of costs within the time provided may constitute a waiver of taxable costs." Id., 8.03(A)(2).

Defendant Peoples did not file a verified bill of costs using the AO-0133 Form required by the Clerk, even though Ronnoco's opposition memorandum identified this failure on the twenty-first day after entry of final judgment.  (ECF No. 153 at 5.)  Nor did Peoples submit any documentation to support the costs he requests, as required by Form AO-0133 at 1 ("*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.").

In addition to these omissions, which are sufficient to constitute a waiver of Peoples' request for costs, Defendant Peoples' request is fatally deficient because it is not accompanied by

---

[2]The contractual attorney's fees provision in Howe provided:

> Should either party deem it necessary to retain the services of an attorney in order to enforce his/its rights under the lease, then the party which prevails in said controversy shall be paid by his/its opponent all cost and expenses therein, including reasonable attorney fees.

Howe v. ALD Servs., Inc., 941 S.W.2d 645, 652 (Mo. Ct. App. 1997).

8

the required verification. "Before a district court is permitted to award costs to a prevailing party, the prevailing party *must* submit an affidavit meeting non-discretionary statutory requirements:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement *shall attach thereto an affidavit*, made by himself or by his duly authorized attorney or agent having knowledge of the facts, *that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.*

28 U.S.C. § 1924 (emphasis added)." Reece v. Bank of New York Mellon, 760 F.3d 771, 779 (8th Cir. 2014).

Here, Defendant Peoples' attorneys submitted an affidavit and a declaration signed under penalty of perjury in support of the Motion for Attorney's Fees. (ECF Nos. 151-3 at 2, 151-4.) Neither of these documents meets the statute's requirements, however, because neither avers or declares that the cost items were "correct" and "necessarily incurred in the case." See Reece, 760 F.3d at 779. Because "the statute leaves no room for discretion," Peoples' request for an award of taxable costs must be denied. See id.; 28 U.S.C. § 1924.

### III. Conclusion

For the foregoing reasons, Defendant Charles Peoples' Motion for Attorney's Fees and request for costs are denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Charles Peoples' Motion for Attorney's Fees (ECF No. 151) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Peoples' request for costs is **DENIED**.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of March, 2022.

9